**Link to doc. # 43 / O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2129 PSG (JCx) | Date | November 1, 2011 |
|---|---|---|---|
| Title | Coach Services, Inc. v. La Terre Fashion, Inc., *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers) Order GRANTING Plaintiff's Motion for Default Judgment**

Pending before the Court is Plaintiff Coach Services, Inc.'s ("Plaintiff" or "Coach") motion for default judgment. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers submitted in support of the motion, the Court GRANTS the motion.

I.   Background

On March 24, 2010, Plaintiff filed a complaint against Defendants La Terre Fashion, Inc., a.k.a. Bao's Fashion Co., Chen Bao Yao, and Ellen Cai (collectively, "Defendants") alleging claims for trademark infringement (15 U.S.C. §§ 1114 and 1125), trade dress infringement (15 U.S.C. § 1125), trademark counterfeiting (15 U.S.C. §§ 1114 and 1116), trade name infringement (Cal. Bus. & Prof. Code §§ 14401 *et seq.*), copyright infringement (17 U.S.C. § 101, *et seq.*), and unfair competition (Cal. Bus. and Prof. Code § 17200). *See Compl.* Plaintiff claims that Defendants infringed its trademarks by using Plaintiff's famous Coach marks in commerce in connection with the purchase, advertising and sale of counterfeit handbags without Plaintiff's consent. *Mot.* 5:6-12.

On August 4, 2011, the Clerk for the United States District Court for the Central District of California entered default against Defendants. *See* Dkt. #40. On September 8, 2011, Plaintiff moved for default judgment against Defendants, seeking permanent injunctive relief, $3,000,000.00 in statutory damages, and costs. *See Mot.* 9:27-10:17.

**Link to doc. # 43 / O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2129 PSG (JCx) | Date | November 1, 2011 |
|---|---|---|---|
| Title | Coach Services, Inc. v. La Terre Fashion, Inc., *et al.* | | |

II.     Legal Standard

      Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk under Rule 55(a). Federal Rule of Civil Procedure 55(b) and Local Rule 55-1 require that applications for default judgment set forth (1) when and against what party default was entered, (2) the pleading on which default was entered, (3) whether the defaulting party is an infant or incompetent person, and if so, whether the person is adequately represented, (4) that the War and National Defense Servicemembers Civil Relief Act (50 App. U.S.C. § 521) does not apply, and (5) that notice of the application has been served on the defaulting party, if required. *See* Fed. R. Civ. P. 55(b)(2); L.R. 55-1.

      Ultimately, the choice as to whether a default judgment should be entered is at the sole discretion of the court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A defendant's default alone does not entitle a plaintiff to a court-ordered judgment. *See id.* Instead, the Ninth Circuit has determined that a court should consider seven discretionary factors, often referred to as the "*Eitel* factors," before rendering a decision on default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). These factors are (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See id.*

      Finally, the Court notes that once the court clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *See Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

III.    Discussion

      A.     Requirement for Default

      Plaintiff has satisfied the procedural requirements for default judgment pursuant to Fed. R. Civ. P. 55(a) and Local Rule 55-1. Specifically, Plaintiff has set forth that (1) the clerk entered default against Defendants on August 4, 2011; (2) the default is based on Plaintiff's Complaint; (3) Defendants are not infants or incompetent persons; (4) Defendants are not in active military service; and (5) Plaintiff served Defendants with notice of Plaintiff's application for default judgment. The Court also finds that consideration of the *Eitel* factors weighs in favor

**Link to doc. # 43 / O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2129 PSG (JCx) | Date | November 1, 2011 |
|---|---|---|---|
| Title | Coach Services, Inc. v. La Terre Fashion, Inc., *et al.* | | |

of granting Plaintiff's motion. *See Eitel*, 782 F.2d at 1471-72.

    B.    <u>Relief</u>

A plaintiff is required to prove all damages sought in the complaint. *See Televideo Sys., Inc.*, 826 F.2d at 917-18. In addition any relief sought may not be different in kind from, or exceed in amount, what is demanded in the complaint. *See* Fed. R. Civ. P. 54(c). If the facts necessary to determine damages are not contained in the complaint, or are legally insufficient, they will not be established by default. *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

Here, Plaintiff requests (1) permanent injunctive relief; (2) $3,000,000.00 in statutory damages; and (3) costs to be established in a Bill of Costs filed within 15 days of entry of judgment.

        1.    <u>Permanent Injunctive Relief</u>

Plaintiff first requests permanent injunctive relief restraining Defendants "from using the Coach Marks, or any marks identical and/or confusingly similar thereto." *Compl.* ¶ 39. According to the Complaint, the Coach marks include, but are not limited to, nine distinct marks. *See Compl.* ¶ 12. Plaintiff claims it "has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained by this Court from infringing Plaintiff's trademarks." *Compl.* ¶ 37. However, the evidence presented by Plaintiff establishes Defendants' infringement of only three of these marks.[1] *See Mot.* 7:23-8:18; *Chan Decl.*, Ex. 1. Thus, Plaintiff has not shown a need to permanently enjoin Defendants from infringing Coach's remaining marks. Accordingly, the Court GRANTS Plaintiff's request for a permanent injunction only as to the three marks infringed by Defendants.

        2.    <u>Statutory Damages</u>

Second, Plaintiff seeks to recover an award of $3,000,000.00 in statutory damages under 15 U.S.C. § 1117(c). Damage inquiries under Section 1117(c) look to both compensatory (e.g.

---

[1] The three distinct marks infringed are identified by the following registration numbers: U.S. Reg. No. 3,012,585; U.S. Regs. Nos. 2,592,963; 2,626,565; 2,822,318; 2,832,589; 2,822,629; and 3,695,290; and U.S. Reg. No. 3,696,470.

**Link to doc. # 43 / O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2129 PSG (JCx) | Date | November 1, 2011 |
|---|---|---|---|
| Title | Coach Services, Inc. v. La Terre Fashion, Inc., *et al.* | | |

actual losses and trademark value) and punitive (e.g. deterrence of other infringers and redress of wrongful defense conduct) considerations. *See Sara Lee Corp. v. Bags of New York, Inc.,* 36 F. Supp. 2d 161, 165 (S.D.N.Y. 1999). Section 1117(c) provides, in relevant part:

> In a case involving the use of a counterfeit mark (as defined in section 1116(d) of this title) in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a) of this section, an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of (1) not less than $ 1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or (2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

15 U.S.C § 117(c)(1)-(2). Statutory damages for trademark infringement are particularly appropriate in default cases such as this, where there is a lack of information regarding a defendant's sales and profits. *See Sara Lee Corp,* 36 F. Supp. 2d at 165.

The Lanham Act does not provide guidelines for courts to use in determining an appropriate award. *Louis Vuiton Malletier & Oakley, Inc. v. Veit*, , 211 F. Supp. 2d 567, 583 (E.D. Pa. 2002). Consequently, if a plaintiff elects statutory damages, a court has wide discretion in determining the amount of statutory damages to be awarded. *See Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham*, 259 F.3d 1186, 1194 (9th Cir. 2001). Some courts will consider estimates of actual damages in calculating statutory damages; however, "there is no necessary mathematical relationship between the size of [an award of statutory damages] and the extent or profitability of the defendant's wrongful activities." *Sara Lee Corp.,* 36 F. Supp. 2d at 165 (internal quotations and citations omitted); *see also Herman Miller, Inc. v. Alphaville Design, Inc.,* No. C 08-03437, 2009 WL 3429739, at *9 (N.D. Cal. Oct. 22, 2009).

Here, Plaintiff requests a statutory damage award of $3,000,000.00. Plaintiff bases its request on the statutory maximum for willful counterfeiting and on deterrence considerations. Plaintiff claims that because the infringing products obtained from Defendants bear counterfeit reproductions of at least three registered marks, Defendants are liable for up to $6,000,000.00 in

**Link to doc. # 43 / O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2129 PSG (JCx) | Date | November 1, 2011 |
|---|---|---|---|
| Title | Coach Services, Inc. v. La Terre Fashion, Inc., *et al.* | | |

statutory damages for willful infringement.  *Mot.* 7:23-8:21.  Plaintiff contends such a large award is necessary to deter Defendants and others from selling counterfeit Coach merchandise or otherwise profiting from the over a hundred million dollars Coach has spent on advertising, promoting, and marketing its trademarks.  *See Mot.* 7:17-22, 9:13-22.  Further, Plaintiff argues the $3,000,000.00 award is warranted in light of Defendants' willfulness, intent to confuse the public, refusal to participate in the litigation process, and repeated violations of this Court's orders.  *See Mot.* 7:17-22, 9:23-27.

While the Court takes as true Plaintiff's well-pleaded allegation that Defendants willfully infringed and counterfeited Coach's trademarks, the Court does not find Plaintiff's request for an award of $3,000,000.00 reasonable.  *See Herman Miller, Inc.*, 2009 WL 3429739, at *9 ("Statutory damages are intended to serve as a deterrent, but that does not justify such a windfall.").  Although a lack of information regarding a defendant's sales and profits does not preclude an award of statutory damages, a reasonable statutory damage award must bear a plausible relationship to the defendant's profits from infringement.  *See Chanel, Inc. v. Doan*, No. C 05-0346, 2007 WL 781976, at *5 (N.D. Cal. May 13, 2007).  The Court agrees that Defendants' failure to participate in discovery contributed substantially to the lack of information regarding the profits reaped or expenses saved by Defendants.  *See Mot.* 9:9-12.  However, Plaintiff also failed to make a good faith effort to furnish evidence from which Defendants' revenues or the extent of Defendants' counterfeiting activities could be extrapolated.  *Compare Herman Miller*, 2009 WL 3429739, at *9 (denying plaintiff's request for statutory damages because plaintiff failed to provide enough evidence to support a statutory damage award of $4,000,000), *with Philip Morris U.S.A., Inc. v. Castworld Prods.*, 219 F.R.D. 494, 502 (C.D. Cal. 2003) (awarding $2,000,000.00 in statutory damages against a defendant-importer of 8,000,000 counterfeit cigarettes in light of the "large, commercial quantities" imported and their "street value of millions of dollars").  Given that Plaintiff employed investigators to obtain the two counterfeit handbags, it is difficult to see why at least some information regarding the price of the counterfeit goods or Defendants' profit margin was not discovered.  *See Chan Decl.*  Likewise, there is no evidence that Coach's investigators returned to the Defendants' place of business or otherwise attempted to determine the extent and duration of Defendants' infringement, including whether the infringement was ongoing.

Thus, the two handbags identified in the Complaint represent the only evidence of infringement before the Court.  *See Chan Decl.*, Ex. 1.  A $3,000,000.00 statutory award under these circumstances would result in a windfall to the Plaintiff and is therefore unwarranted.  *See Herman Miller, Inc.*, 2009 WL 3429739, at *9.  Accordingly, the Court finds an award in the amount of $15,000.00 per counterfeited mark, totaling $45,000.00, more reasonable.  *See Coach*

**Link to doc. # 43 / O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2129 PSG (JCx) | Date | November 1, 2011 |
|---|---|---|---|
| Title | Coach Services, Inc. v. La Terre Fashion, Inc., *et al.* | | |

*Services, Inc. v. Cheap Sunglasses*, No. 09-CV-1059 BEN (JMA), 2010 WL 26967999, at *6 (S.D. Cal., July 6, 2010) (granting the plaintiff $6,000 in statutory damages where the plaintiff established that the defendant attempted to sell at least one pair of infringing sunglasses on its website).

                3.    Costs

Finally, Plaintiff requests costs in an amount to be outlined in a bill of costs filed within 15 days of entry of judgement. The Lanham Act provides, in pertinent part:

> When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office ... shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled ... to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action....

15 U.S.C. 1117(a). As successful Plaintiffs are entitled to recover costs under the Lanham Act, Plaintiff is hereby instructed to submit its bill of costs within 15 days of entry of judgment.

IV.    Conclusion

Based on the foregoing, the Court GRANTS Plaintiff's motion for default judgment against Defendants. Plaintiff is hereby awarded permanent injunctive relief, $45,000.00 in statutory damages, and costs to be established in a timely filed bill of costs. Plaintiff is further instructed to submit a proposed judgment consistent with this Order by **November 15, 2011.**

    **IT IS SO ORDERED.**